IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY O'QUINN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 05-834-GPM ) |
| EXXON MOBIL CORPORATION; LEE RAYMOND, C.E.O. of Exxon Mobil Corporation; J.P. MORGAN CHASE BANK N.A.; WILLIAM HARRISON, C.E.O. of J.P. Morgan Chase Bank N.A.; RICK PERRY, Governor of State of Texas; CARLON STRAYHORN, Texas State Comptroller of Public Accounts Unclaimed Property; BECKY DEMPSEY, Smith County, Texas, Judge; JUDGE CARNES, Smith County, Texas, Clerk; DAVID HOLSTEIN, Henderson County, Texas, Judge; GWEN MOFFEIT, Henderson County, Texas, Clerk; SANDRA HODGES, Rusk County, Texas, Judge; JOYCE LEWIS, Rusk County, Texas, Clerk, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, who is proceeding *pro se*, filed this civil action pursuant to 42 U.S.C. § 1983 against various Defendants claiming that his First, Fourth, Eighth, and Fourteenth Amendment rights under the United States Constitution have been violated (Doc. 1). He seeks leave to proceed *in forma pauperis* (Doc. 2).

A federal court is authorized under 28 U.S.C. § 1915(a)(1) to permit an indigent party to

proceed in a civil action without prepaying the filing fee if two conditions are met: (1) the petitioner is indigent and (2) the action is neither frivolous nor malicious. *See, e.g., Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 757-58 (7th Cir. 1981); *Free v. United States*, 879 F.2d 1535 (7th Cir. 1989). Because venue is improper in this District, leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**, and this action is **DISMISSED without prejudice** to refiling in a proper venue.

Plaintiff's claims stem from a transaction that occurred in 1948 between his great-grandfather, Robert O'Quinn of Henderson, Texas, and Standard Oil, "now Exxon Mobil Corporation" (Doc. 1). According to Plaintiff, Robert O'Quinn was paid $100,000 by Standard Oil, and that money was put into what was then known as the Bank of Fort Worth in Fort Worth, Texas; that bank "now is under J.P. Morgan Chase N.A." (*Id.*). Plaintiff alleges that his "local family" has been trying to locate those funds since 1948 and that Exxon Mobil Corporation states that "it's over 20 O'Quinn recieving [sic] royality [sic] payments," but despite Plaintiff's efforts, he is not receiving royalty payments. Plaintiff alleges that his relatives tried to locate the funds by suing the State of Texas; that the Texas State Comptroller states that Exxon Mobil Corporation and J.P. Morgan Chase N.A. may have converted the royalty into stock for the family; and that J.P. Morgan Chase N.A. "said the counties and State of Texas doing the Bush Governorship lost the funding in their systems" (*Id.*). Plaintiff lists efforts he has made in sending papers and money orders to Smith, Henderson, and Rusk Counties in Texas to find "what legally belongs to [him] by birth right" (*Id.*).

Plaintiff sues Exxon Mobil Corporation and its C.E.O., Lee Raymond, under the First Amendment for refusing Plaintiff the right to peaceably assemble by failing to meet with him in person or by telephone and the right to petition the Government for redress of grievances by refusing to accept Plaintiff's legal papers claiming birth right of his royalty shares; under the Fourth

Amendment for unlawful seizure of his great-grandfather's land and withholding of Plaintiff's royalty payments; under the Eighth Amendment for cruel and unusual punishment by causing death to family members from the stress incident to the situation; and under the Fourteenth Amendment for withholding royalty payments.  Plaintiff sues J.P. Morgan Chase Bank N.A. and its C.E.O., William Harrison, under the First Amendment for refusing to meet with Plaintiff in person or by telephone and for refusing to accept Plaintiff's legal papers claiming birth right of his royalty shares; under the Fourth Amendment by "misplacement of legal account in banking system and stating it was seized by State of Texas;" under the Eighth Amendment for cruel and unusual punishment by inflicting intended harm and depriving and denying him his birth right royalty and funds; and under the Fourteenth Amendment for withholding royalty payments (*Id.*).  Plaintiff sues the Governor of the State of Texas under the Eighth Amendment for cruel and unusual punishment inflicted by the Governor's state workers and under the Fourteenth Amendment for denying him his birth right royalty funds and equal protection of the laws.  Plaintiff sues the Texas State Comptroller under the First Amendment for refusing to let Plaintiff petition the Government for redress of grievances; under the Fourth Amendment for misplacing and seizing the funds; under the Fourteenth Amendment for denying him his royalty payments that are in the hands of the State of Texas; and under the Eighth Amendment for cruel and unusual punishment by inflicting intended harm and depriving and denying him his birth right royalty and funds.  Plaintiff sues Judges and Clerks of Smith, Henderson, and Rusk Counties in Texas under the First Amendment for refusing to let Plaintiff petition the Government for redress of grievances; under the Fourth Amendment for staff misplacement of legal files in county records; under the Eighth Amendment for "staff using cruel manners and mental punishing with infliction intended to harm and deprive and deny birthright

royalty and funds." Plaintiff requests that all Defendants conduct internal investigations of their respective offices; requests an investigation by the United States Attorney Office; and seeks "one hundred tillion dollars" as relief for his claims.

The general venue statute provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). This action has nothing to do with the Southern District of Illinois, and it is abundantly clear from the complaint that venue in this District is improper. *See Id*. at § 1391(b), (c). While there appear to be many problems with Plaintiff's § 1983 claims against Defendants (*e.g.*, whether certain Defendants were acting under color of state law and whether certain Defendants are immune from suit), this Court will not address them because the case never should have been filed in this District. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**,[1] and this action is **DISMISSED without prejudice** to refiling in a proper venue pursuant to 28 U.S.C. § 1406(a).

**IT IS SO ORDERED.**

DATED:  06/08/06

                                             s/ G. Patrick Murphy
                                             G. PATRICK MURPHY
                                             Chief United States District Judge

---

[1] Additionally, the Court notes that Plaintiff failed to submit an affidavit of poverty in compliance with Local Rule of the United States District Court for the Southern District of Illinois 3.1(b).